Burks, J.
Objection is made by the defendant in error to the jurisdiction of this court to review the judgment of the court below, on the ground that the matter in controversy, exclusive of costs, is less in value or amount than five hundred dollars. Constitution of Virginia, Art. 6, § 2; Code of 1873, ch. 178, § 3.
The language, “matter in controversy,” employed in our Constitution (Art. 6, supra) is of the same import as the terms, “matter in dispute,” found in the *39 act of Congress, commonly called the judiciary act, (Rev. Stat. of IT. States, 2nd Ed., § 690), regulating the appellate jurisdiction of the Supreme Court, the construction of the two phrases has been the same.
“ By ‘ matter in dispute,’ ” says Mr. Justice Field, “is meant the subject of litigation—the matter which the suit is brought—and upon which issue is joined, and in relation to which jurors are called and witnesses examined.” Lee v. Watson, 1 Wall. U. S. R., 337, 339.
Where there has been a judgment against the defendant in the suit, which he seeks to have reviewed on appeal or writ of error, the judgment is the “matter in controversy” as to him, and the amount or value of it, at its date, determines the jurisdiction of the appellate tribunal. Gage v. Crockett, 27 Gratt., 735, 736. Such is the general rule. It is subject, however, to some exceptions or qualifications, as may be seen by reference to the opinion in Campbell v. Smith, 4 Va. Law Journal, 42; 32 Gratt., 288.
In Troy v. Evans, 97 U. S. R. (7 Otto), 1, it was held, that the amount of the judgment below against a defendant in an action for money is prima facie the measure of the jurisdiction of the Supreme Court in his behalf, and this prima facie case continues until the contrary is shown; and, if jurisdiction is invoked because of the collateral effect a judgment may have in another action, it must appear that the judgment conclusively settles the rights of the parties in a matter actually in dispute, the sum or value of which exceeds the amount fixed by law as the minimum limit to the appellate jurisdiction. In this court, such sum or value must not be less than five hundred dollars, exclusive of costs.
When the plaintiff by appeal or writ of error seeks a revision of .the judgment below, if he claims in his *40 declaration or bill money or property of value not less than five hundred dollars, this court has jurisdiction, although the judgment may be for less or for the defendant. Gage v. Crockett, supra. See also Shacker v. Hartford Fire Ins. Co., 93 U. S. R. (3 Otto), 241; Walker v. United States, 4 Wall. U. S. R., 163, 164, and cases cited; Lee v. Watson, supra.
The onus probandi is upon the party seeking a revision of the case, to establish the jurisdiction, 10 Peters R., 160; and when the jurisdictional value does not appear by the record, affidavits to show such value, taken on notice to the opposite party, have been allowed in some eases by the Supreme Court. Williamson v. Kincaid, 4 Dall. R., 20; Course v. Stead and ux. and als., Id., 22; Rush v. Parker, 5 Crouch R., 287; The Grace Girdler, 6 Wall. U. S. R., 441. But where the value is stated in the pleadings or proceedings of the court below, affidavits in the Supreme Court have never been received to vary or enhance it, in order to give jurisdiction. Richmond v. City of Milwaukie, 21 How. U. S. R. 391, 393.
In the light of these decisions, the jurisdiction in this case seems clear. The cause of action set out in the declaration is the alleged illegal destruction by the defendant of a quantity of whiskey, the property of the plaintiff. The value of the whiskey at the time it was destroyed is the measure of the claim, and that value is stated in the declaration to he $672, an amount more than sufficient to give this court jurisdiction. Ho special damages are claimed. The general damages are laid at $1,500.
The only assignment of error by the plaintiffs counsel is based on the following bill of exceptions, signed, sealed and made apart of the record:
“ Memorandum.—That, on the trial of this case, evidence having been offered tending to prove that the, *41 whiskey in the declaration mentioned had been destroyed by a lawfully organized police force of the city of Lynch-burg, the defendant by counsel moved the court instruct the jury as follows:
“ ‘ That even if the jury believe from the evidence that the whiskey in the declaration mentioned was destroyed by a lawfully organized police force of the city of Lynchburg, yet, if the jury further believe from the evidence, that there was reasonable ground to believe and apprehend that the city was in danger from the presence of large numbers of fugitive soldiers and other persons riotously disposed, and that there was danger of the immediate occupation of the city by a hostile soldiery, and that the presence of intoxicating liquors was a serious danger to the citizens and the property of the city, and that such danger was so imminent and great as to amount to an overruling necessity, then the destruction of the said whiskey was justifiable as a means of insuring the public safety, and the city is not liable in this action: ’
“To which the plaintiff by counsel objected; but the court overruled the objection, and gave the instruction; to which the plaintiff excepted, and prayed that this his hill of exceptions be signed and sealed by the court, which is done accordingly.”
I perceive no error in this instruction, certainly none to the prejudice of the plaintiff. The evidence is not spread upon the record. This court cannot know judicially what it was. The only reference to it is in the hill of exceptions which- has been copied. It is there stated, that there was evidence tending to show a particular fact, namely, the destruction of the whiskey in the declaration mentioned by a lawfully organized police force of the city of Lynchburg. If there was any other, what it was, or what its purport, is matter of the merest conjecture. The unauthorized *42 destruction of the plaintiff’s property by the police, though lawfully organized, could 'impose no liability on the city. As well might it be contended, that the city would be liable for a wanton assault and battery committed by its police. 2 Dillon on Mun. Corp., (2nd Ed.,) § 773. There was not a scintilla of evidence, so far as the record shows, to connect the city with the destruction of the liquors, either by previous order or subsequent ratification. The court therefore might well have instructed the jury absolutely upon the evidence, as far as we are judicially informed of its purport, that the city was not liable for the act of the police force. It was not essential to a verdict for the city, that such unauthorized act should have proceeded from an overruling necessity induced by the circumstances hypothetically stated in the bill of exceptions. So much of the instruction therefore as made the exemption of the city dependent upon the existence of that necessity, to be deduced by the jury from the circumstances, was more favorable to the plaintiff than the evidence, as far as we can discover from the record, warranted: for, as already stated, the bill of exceptions does not indicate, that there was any evidence whatever tending to prove, that the act of the police force was by authority of the city or its governing power.
True, it is stated in the petition for the writ of error, that it was proved on the trial that on the 12th of April, or some time prior thereto, the plaintiff' had in the hands of McDaniel & Irby, commission merchants in the city of Lynchburg, for sale, a quantity of whiskey; that, in consequence of the surrender of the Confederate army at Appomattox Courthouse, some twenty miles distant, danger was apprehended that the .city would be sacked and burned by the Eederal army, and that disbanded soldiers from the Confederate army and *43 disorderly citizens would become riotous, and to guard against such danger, the city council ordered its police force to search for whiskey and destroy all they could find; under these orders, the city police found the plaintiff’s whiskey, and took it, without the plaintiff’s consent, or the consent of McDaniel & Irby (the commission merchants), and poured it into the streets.
Such are the statements in the petition, but no part thereof is to be found in the record, except the brief reference in the bill of exceptions to the evidence tending to prove that the liquors were destroyed by the lawfully organized police force of the city. Of course, this court can consider and decide this case only as it is presented by the record. The plaintiff cannot supply omissions by oral statements, nor supplement the record by his petition. "Whatever was proved on the trial necessary to be known here to establish error ought to have been embodied in the bill of exceptions.
The judgment of a court of competent jurisdiction is always presumed to be right until the contrary is shown, and a party in an appellate court, alleging error in the court below, must show it in the regular way, or the presumption in favor of its correctness must prevail. When exception is taken to the admission or exclusion of evidence, or the granting or refusing of instructions, or indeed to any other ruling of the court at the trial, the bill should be so framed by the insertion of proper matter as to make the error, if any, complained of, apparent, otherwise the exception will generally be unavailing. This court has occasionally reversed a judgment and remanded the cause for new trial, on account of ambiguity or obscurity in instructions given, calculated to confuse and mislead the jury; but the instruction in the present case is not open to any such objection.
*44 In a late case decided by tbe House of Lords, cited in Broom’s Legal Maxims, 946 (marg. p.), Lord Wensleydale thus indicates the degree of weight attributable to a judgment of a court of competent jurisdiction when brought under review: “I take it to be perfectly clear,” remarks his Lordship, “that when a court of error is considering a former decision on appeal, that decision is not to be overturned unless the court of error is perfectly satisfied that the decision is wrong. Prima fade it is to De considered a right decision, and is not to be deprived of its effect unless it is clearly proved to the satisfaction of the judge that the decision is wrong; but he must consider the whole circumstances together, and if he still feels satisfied upon the whole of the, case that the decision is wrong, he ought undoubtedly to overturn it; it is only to be considered as prima fade right. The onus probandi lies on the opposite party to show that it is wrong, and, if he satisfies the conscience of the judge that it is wrong, it ought to be reversed.” Mayor, &c., of Beverly v. Attorney-General, 6 H. L. Cas. 810, 332, 333.
It is not necessary to express any opinion upon the instruction applied to the case as stated in the petition of the plaintiff in error, as the case there stated is not the case made by the record.
I am of opinion to affirm the judgment of the court below.
The other judges concurred in the opinion of Burks, J.
Judgment affirmed.