## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### LOGAN v. PANNILL.

#### JUNE 15th, 1893.

1. JUDGMENTS—*Lands in another County—Purchasers.*—Purchaser of land under decree in county wherein it lies, is not affected by constructive notice of judgment in another county which is not docketed in former county until after sale is confirmed and purchase-money paid, though title is retained.

2. IDEM—*Assignees.*—Judgment not docketed in county wherein land of the debtor lies, and is sold under decree in partition, does not, upon being docketed in said county, become a lien upon bonds for the purchase-money in hands of assignee who has no notice of the judgment, though title to the land was retained, and those bonds being personalty, and no execution had been issued.

Argued at Richmond.   Decided at Wytheville.

Appeal from decree of circuit court of Pittsylvania county rendered June 20, 1890, in the chancery suit of N. T. Green, administrator of William Logan, deceased, complainant, against A. S. Pannill, James B. Pannill, John T. Pannill, Ruth H. Gordon, and others, defendants.   Opinion states the case.

*N. T.* and *Berryman Green*, for appellant.
*Christian & Christian* and *Withers & Barksdale*, for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The record discloses the following case: In 1885, a suit was instituted in the circuit court of Campbell county, styled

"*Ficklin* v. *Pannill*," for the partition of a valuable tract of land, situated in said Campbell county, among the ten children of Maria B. Pannill. On the 29th of October, 1885, a decree was entered in the said cause for the sale of the said land, and appointing commissioners to make the said sale. D. H. Pannill qualified as commissioner and acted under the said decree, and in May, 1887, he sold the said tract of land to Mrs. Ruth H. Gordon for the sum of $10,000; of which $150 was payable and paid in cash, and the balance, $9,850, was made payable in equal instalments, at two, three, four, and five years from July 1, 1887. This $9,850 was split up in ten bonds of $985 each, made payable to one of the ten children entitled, so that the said bonds could be turned over to the children without waiting for their maturity or collection. The commissioner of sale reported this sale and this arrangement of distribution among the children entitled, to the circuit court of Campbell county, at its October term, 1887; and, on the 26th day of October, 1887, the said court entered a decree confirming the said report of the said commissioner and the sale therein reported; and, by its said decree, directed the said commissioner to transfer the said bonds to the said ten children, respectively, or to their assignees. Of these children there were John T. Pannill, A. S. Pannill, and James B. Pannill. On November 6, 1887, A. S. Pannill sold and assigned, for value, his land bond to John T. Pannill; and on January 11, 1888, James B. Pannill likewise sold and assigned, for value, his bond to said John T. Pannill, who promptly notified the commissioner of sale and distribution of these assignments. In March, 1888, Mrs. Ruth H. Gordon, the purchaser of the land and the prime obligor in the said bonds, paid to John T. Pannill full satisfaction and discharge of her three bonds then held by him—namely, his own bond, which he had received as one of the ten children, and the bonds which had been assigned to him, as aforesaid, by A. S. Pannill and James B. Pannill, respectively.

On April 30, 1887, William Logan obtained, in the circuit court of Pittsylvania county, a judgment for $1,000 against James B. Pannill, and on May 6, 1887, he obtained a judgment for the same sum, in the same court, against A. S. Pannill, on the same joint obligation. These judgments, so obtained in Pittsylvania county, were not docketed in Campbell county, where the land bought by Mrs. Ruth H. Gordon at the judicial sale made by the circuit court of Campbell county, was situated, until December 3, 1887, after sale to Mrs. Gordon had been made, reported to the court and confirmed, and the proceeds of the sale distributed by the court among the ten children entitled. Mrs. Gordon had no notice of the existence of the said judgments when she became the purchaser of the land from the court nor when she paid off her said bonds; and John T. Pannill had no notice of the said judgments at the time he acquired the said bonds, nor when they were paid to him by Mrs. Gordon.

Logan's administrator learned, in November, 1887, that the land in Campbell county had been sold to Mrs. Gordon under decree of the circuit court of Campbell county, yet he gave no notice of his judgments to Mrs. Gordon, the purchaser of the land, nor to the commissioner of sale and distribution of the proceeds of the sale; nor did he file any petition, or notice of his judgment, in the partition suit of *Ficklin* v. *Pannill,* so as to protect innocent assignees from taking assignments of the bonds of A. S. Pannill and James B. Pannill, and to warn and protect the purchaser at the judicial sale, Mrs. Ruth H. Gordon, from paying her obligations, as she had the right to do, unless affected with notice. He simply entered the judgment on the lien docket December 3, 1887; and in March, 1889, after Mrs. Gordon had paid her purchase-money bonds, without any notice of his judgment, he filed an amended bill in the suit of *Logan's Administrator* against *Pannill* in the circuit court of Pittsylvania county, to subject the land in the hands of Mrs. Gordon to the satisfaction of his judgment.

The court below, by its decree under review, decided against this claim of Logan's administrator, and exonerated the land in the hands of Mrs. Gordon, the purchaser at the judicial sale made and confirmed by the circuit court of Campbell county, in the suit in said court pending, before the judgment of *Logan's Administrator* against *A. S. Pannill and James B. Pannill* was recorded in Campbell county, where the land is situated.

The sale to Mrs. Gordon was confirmed in October, 1887. The judgment had not then been docketed in Campbell county, and she, unaffected by, and without notice or knowledge of the existence of the judgment, paid off her obligations, as she had the right to do.

The judgment creditor knew of the pendency of the partition suit of "*Ficklin* against *Pannill,*" and he took no step to intervene therein, or to file his judgment so as to give notice of his claim. He did not give notice of it to the commissioner of sale, nor to Mrs. Gordon, whom he knew to be the purchaser of the land, at a judicial sale regularly made, reported to the court and confirmed; but he lay by and permitted her to pay off her purchase-money obligations for the land, in full and without any knowledge of his judgment.

A purchaser of land at a judicial sale in Campbell county, under a decree of the circuit court of Campbell county, cannot be affected by constructive notice of a judgment obtained in Pittsylvania county, which is not recorded in Campbell county, where the land is situated, before the confirmation of the sale; and actual notice or knowledge of the said judgment must be brought home to the purchaser before the payment of the purchase-money.

The judgment could not be a lien upon the bonds of the purchaser in the hands of A. S. Pannill and James B. Pannill, or of their assignee, John T. Pannill, because those bonds were personalty, and not subject to the lien of any judgment where no execution was ever sued out. The mere retention

Opinion.

of title to the land by way of security for the bonds, did not alter their nature as personalty. John T. Pannill is in no way bound by or affected by the Logan judgment, and he became assignee of the bonds, for value, without any knowledge of the judgment, and they were paid to him by Mrs. Gordon, the obligor, without any knowledge or notice of either him or her. The land in the hands of Mrs. Gordon is not chargeable with the lien of the judgment which was not docketed until after the sale was confirmed, and of the existence of which, the record shows, she had no knowledge or notice until she had fully and faithfully paid her purchase-money bonds. See *Moyer* v. *Hinman*, 13 N. Y. (3 Kem.), 180; *Filley* v. *Duncan*, 93 Amer. Dec., 337, and note, pp. 354-5; 1 *Black on Judgments*, section 438; 1 *Pomeroy's Equity Jurip.*, section 368. And there is no shadow of equity against John T. Pannill.

Our judgment is to affirm the decree of the circuit court of Pittsylvania county without error.

DECREE AFFIRMED.

[See *Riley* v. *Martinette* (Col.) 20 Lawyer's Annotated Reports, where the subject of the extent to which purchasers at judicial sales are protected against loss by defective titles and irregularities, is fully discussed.—*Note by Reporter.*]