# CHARLESTON.

THORN v. BARRINGER *et al.*

Submitted January 20, 1914.    Decided February 3, 1914.

1. MECHANICS' LIENS—*Items Secured—Continuous Contract.*

An agreement to furnish all the materials necessary to the comple-
tion of a building without defining what they shall be and the exact
price of the same, under which the materials used in the building are
ordered and furnished at different times, constitutes when executed
a continuous and entire contract on which a mechanic's lien for the
whole may be claimed within the statutory time after the last item
is furnished, though more than sixty days elapsed between items of
the account. (p. 620).

73 W. Va.

2. SAME—*Items Secured—Time of Accrual.*

A mechanic's lien attaches and dates from the time the first work is done or the first materials are furnished under the contract giving rise to it.   (p. 621).

3. VENDOR AND PURCHASER—*Notice—Mechanics' Lien.*

One purchasing premises on which buildings are in the process of erection, must make inquiry and take notice of any mechanic's lien right that has attached prior to his purchase.   (p. 622).

4. MECHANICS' LIENS—*Right to Lein—Effect of Conveyance.*

A conveyance of the property or an incumbrance placed thereon after a mechanic's lien attaches by a beginning of performance under the contract, does not cut off or affect the right to the mechanic's lien for the whole, though a part of the execution of the contract is before and a part after the time of the conveyance or incumbrance.   (p. 622).

5. SAME—*Right to File—Conveyance.*

When a mechanic's lien arises and attaches by reason of the beginning of performance under a contract with the owner, the lien· is properly filed under Code 1906, ch. 75, sec. 2, though before the time the contract is completed and the lien is filed the owner who made the contract has conveyed the property to another.   (p. 623).


Appeal from Circuit Court, Jefferson County.

Suit by H. P. Thorn against D. K. Barrington and others. Decree for plaintiff, and defendant R. E. Heatwole appeals.

*Affirmed.*

*Chas. E. Williams, Faulkner, Walker & Woods,* and *J. O. Henson,* for appellant.

*H. H. Emmert,* for appellee.


ROBINSON, JUDGE:

The decree complained of is one enforcing a mechanic's lien.   Barringer, himself a contractor and builder, began the erection of a house on a lot owned by him.   Some time thereafter, he contracted in a general way with Thorn, a material man, to be furnished with all materials necessary to be used in the building.   Barringer under the contract ordered from Thorn many shipments of materials which went into the building.   When the main part of the house was nearly done, and after a cessation of work thereon for several weeks,

Barringer conveyed the property to Heatwole. Under a contract with the grantee, Barringer went on with the work of completing the main part of the house and erecting a wing to it, still ordering the materials from Thorn. The deed from Barringer to Heatwole was recorded, but Thorn had no actual notice of the change of ownership, even if notice in that regard is material. Barringer did not pay for the materials which he ordered under the contract and used in the erection of the house. Thorn proceeded to protect himself by taking out a mechanic's lien, treating Barringer as the owner, since the contract under which the materials were furnished was made with him as such. The mechanic's lien was perfected under Code 1906, ch. 75, sec. 2, and not under sec. 3 of that chapter. In other words, Thorn perfected his lien as if Barringer was still the owner.

Heatwole, on the day that the property was conveyed to him, executed a deed of trust thereon to secure a loan from Williams, and the same was at once duly recorded. So we have observed that during the process of the execution of Thorn's contract with the owner for furnishing the materials necessary to be used in the house, the property was conveyed away by the owner and was incumbered by the grantee.

In this suit by Thorn to enforce the lien, the purchaser, the deed of trust holder, and the trustee in the deed of trust were of course joined with Barringer as parties. The circuit court decreed that Thorn's lien was a valid one against the property for the amount due him for all materials furnished under the contract and used in the building, notwithstanding some of them were furnished after the time of the conveyance and incumbrance. The lien was given priority over the conveyance and the deed of trust. From the decree, Heatwole, the purchaser, has appealed.

Appellant maintains that the materials were not furnished under one continuous contract; that the materials furnished Barringer while he was actually the owner constituted a claim for a distinct lien under Code 1906, ch. 75, sec. 2, the statutory time for the filing of which had expired at the time of the conveyance; and that the materials furnished Barringer after he became a contractor under the vendee constituted a claim

for a separate lien under Code 1906, ch. 75, sec. 3, requiring notice to appellant as owner within thirty-five days after Thorn's ceasing to furnish the materials, which was not given. Thus appellant maintains that there is no valid lien against the property.

The court below evidently viewed the contract between Thorn and Barringer as a continuous one upon which a valid lien could be claimed for all the materials furnished thereunder, as an entirety. The evidence justified such a view. Though the contract did not define just what materials should be furnished or the exact price of the same, yet it contemplated one settlement for all materials that Barringer should order from Thorn and use in the building under process of erection at the time. It was not limited to any particular part of the building. It was broad enough to embrace the furnishing of any materials that might be necessary in making ever so large a house of the incompleted building. As long as Barringer continued to order materials from Thorn for use in the building. the contract continued, forming in the end an entire one. "When work or material is done or furnished, all going to the same general purpose, as the building of a house or any of its parts, though such work be done or ordered at different times, yet if the several parts form an entire whole, or are so connected together as to show that the parties had it in contemplation that the whole should form but one, and not distinct matters of settlement, the whole account must be treated as a unit, or as being but a single contract." Phillips on Mechanics' Liens, sec. 229. The contract between Thorn and Barringer being a continuous one, the lapsing of the statutory period for filing a lien, between items of materials furnished thereunder, can not make separate contracts out of it; nor can the same defeat right to a lien based on the contract as an entirety, if filed in time at the end. *D. L. Billings Co.* v. *Brand*, 187 Mass. 417; *O'Niel* v. *Taylor*, 59 W. Va. 370.

Under our law Thorn's lien attached to the property, for all materials furnished by him under the contract and used in the building, as of the time that his furnishing the materials and the use of them began. *Cushwa* v. *Improvement &c. As-*

*sociation,* 45 W. Va. 490.   The lien as a whole relates to and dates from that time.   When execution under a contract begins, the right to lien for the whole of the completed contract attaches at the beginning of performance and takes priority as of that time.

One purchasing premises on which buildings are in process of erection must take notice of any mechanic's lien right that has attached prior to his purchase.   He must inquire what contracts are in course of execution on a property he is about to buy.   He must further inquire what has been done and may. be done under any such contracts that he finds.   "A party purchasing premises on which buildings are in the process of erection, having knowledge of the same, is bound to make inquiry as to the rights of parties furnishing materials or performing work thereon, and is charged with constructive, if not actual notice of their lien."   Phillips on Mechanics' Liens, sec. 227.   "The fact that the work is in progress, is a notice to all of the rights of the mechanic, and all conveyances made during that time are made subject to the mechanic's rights."   Rockel on Mechanics' Liens, sec. 150.   Appellant therefore when he purchased from Barringer was charged with notice of Thorn's right to a lien for all done and to be done under the contract, and took the property subject to the same.   The house was an incompleted one.   He was bound to inquire into the rights of those who had done work thereon or furnished the materials therefor, and to view those rights under the law.   It is said that as no work had been done on the building for more than sixty days prior to his purchase, he could assume that all incipient or unfiled claims to liens had ended. But he was obliged to go further and inquire for such continuous contracts as the one with Thorn, as to which a cessation of work meant nothing if the contract was afterwards carried out.   The incompleted state of the house gave appellant notice that partially performed continuous contracts for work or materials were likely to exist as to it.   In reason he was bound to know that Barringer, who had begun the building and whom he retained to complete it, could have such contracts and could continue to get materials under them.

Where mechanic's liens attach as of the time when perform-

ance begins under the contract, the authorities are unanimous that a conveyance or incumbrance made after work is done or materials are furnished does not cut off or affect the right to a lien for the whole, though a part of the execution of the contract is before and a part after the time of the conveyance or incumbrance. Phillips on Mechanics' Liens, secs. 227 and 228; Boisot on Mechanics' Liens, secs. 314 and 322; Rockel on Mechanics' Liens. secs. 149, 150, and 151. In accord is the holding of this court: ''Where work has been commenced and material furnished under a contract, for constructing buildings, with the owner of the land on which buildings are to be erected, the mechanic's lien attaches from the time the performance of the work and furnishing materials begin, and such mechanic's. lien is entitled to priority over a deed of trust subsequently executed on the same property.'' *Cushwa* v.. *Improvement &c. Association, supra.* The same rule of priority applies as well to direct conveyances as to deeds of trust. 20 Amer. & Eng. Enc. Law, 487.

Thorn's lien was properly claimed and perfected under Code 1906, ch. 75, sec. 2, which provides for a lien for materials furnished ''by virtue of a contract with the owner.'' Where one furnishes materials under a contract with the owner, as did Thorn in this case, that section alone governs. It requires no giving of direct notice to one who steps in as a purchaser from the owner after the lien has attached by part performance under the contract. Thorn had no contract with Barringer as contractor under appellant, so the provision for notice to the owner under Code 1906, ch. 75, sec. 3, does not apply. The notice to the owner demanded by the latter section is as to a lien claimed under a contract with a principal contractor or his sub-contractor. We have no such case before us, for Thorn furnished the materials for which he filed the lien wholly under a contract with Barringer as owner. and no part of them under a contract with Barringer as a contractor. He was the owner when the contract on which the lien is based was made and when the lien attached by performance begun under that contract. Barringer having been owner then, he is rightly to be considered owner in

the filing of the lien. Several decisions are in point: *Jones v. Shawhan,* 4 W. & S. 257; *Fourth Ave. Baptist Church* v. *Schreiner,* 88 Pa. 124; *Miller & Kauffman* v. *Barroll,* 14 Md. 173; *Gale* v. *Blaikie,* 126 Mass. 274; *McAdow* v. *Sturtevant,* 41 Mo. App. 220.

Thorn cross-assigns error as to the allowance of a credit on the lien amount claimed by him. Under the evidence we would not be warranted in disturbing the finding of the commissioner and the decree in this particular.

In the light of the foregoing we conclude that the mechanic's lien is a valid one, taking priority over the conveyance and the deed of trust, and that the decree must be affirmed.

*Affirmed.*