## Richmond

A. Hadrup, Et Al. v. Thomas Battaile Sale, Jr., Et Al.

November 30, 1959.

Record No. 5006.

Present, All the Justices.

The opinion states the case.

*William J. Gibson* (*Coleman & Gibson*, on brief), for the appellants.

No brief filed or appearance for the appellees.

Miller, J., delivered the opinion of the court.

In this suit appellants, A. Hadrup, and W. C. Spratt and W. C. Spratt, Jr., partners, trading as Fredericksburg Pipe and Supply Company, assignees of A. Hadrup, seek to enforce a mechanic's lien taken out by them upon a house and lot owned by Thomas Battaile Sale, Jr., and Margaret B. Sale, appellees. From a decree of October

24, 1958, that declared the mechanic's lien to be invalid, we granted an appeal.

Some months prior to July 9, 1956, Hadrup entered into a contract with Normandy Village, Incorporated, owner of numerous lots in a residential subdivision known as Normandy Village, to do the plumbing and heating work in the building erected on lot 67, section 4. On July 9, 1956, Hadrup assigned in writing to W. C. Spratt and W. C. Spratt, Jr., partners, all sums of money due him under his contract.

Appellants, on July 29, 1957, filed in the appropriate clerk's office a memorandum of mechanic's lien in the sum of $1,265 for plumbing and heating work done by Hadrup on the house and lot. However, lot 67 had been purchased on March 19, 1957, by appellees from Normandy Village, Incorporated. Appellees' deed was duly recorded but appellants had no actual knowledge of the sale until the day their lien was filed in the clerk's office.

About the time appellants filed their mechanic's lien, many other similar liens were filed against lots in the subdivision owned by Normandy Village, Incorporated, and its numerous grantees. Seven separate suits for various amounts were instituted by mechanic's lien claimants against Normandy Village, Incorporated, and other lot owners in the subdivision, and holders of liens on the lots.

By decree of January 10, 1958, these seven suits, in which numerous liens and claims of varying dignities and priorities were asserted against the same defendants and subject matter, were consolidated into a single cause and referred to a special commissioner to take evidence and report upon the inquiries set out in the decree.

The inquiry pertinent to this appeal follows: "The validity of the mechanic's liens which have been asserted in these causes against the properties standing in the names of the parties hereto."

After hearing voluminous testimony from numerous witnesses and considering many exhibits, the commissioner reported that the work on the building on lot 67 was completed during the second week of August, 1957, and the mechanic's lien filed by appellants on the 29th day of July, 1957, was a valid lien against the house and lot in the sum of $1,265.00, with interest from July 27, 1957.

Exceptions were filed to the commissioner's report, and in an opinion that ruled upon the exceptions, the court found that no work was done by Hadrup on the house and lot bought by appellees on March 19, 1957, subsequent to their purchase, and that by the change

of ownership on March 19, 1957, the work on the building was then "otherwise terminated" within the meaning of § 43-4, Code 1950. As appellants did not file their lien within sixty days after March 19, 1957, the lien was held invalid. In its opinion the court said:

"* * * Any work that Hadrup did on the house must have been done for the prior owner before 19 March, 1957, and Hadrup's lien against Sale's house should have been filed within sixty days after 19 March, 1957 whether the house was finished or not. When there is a change of ownership, that is notice to contractors and workmen who do no further work on the house, that the statute has begun to run and the lien even on an unfinished house must be filed within the limitation period from the date of sale."

In the decree which conformed to the opinion, the court held that appellants' mechanic's lien was invalid.

Appellants' assignment of error is that the court erred when it held that the sale and conveyance of the house and lot by Normandy Village, Incorporated, to appellees "otherwise terminated" the work on the building within the meaning of § 43-4, Code 1950.

The material part of that section follows:

"A general contractor, in order to perfect the lien given by the preceding section, shall file at any time after the work is done and the material furnished by him and before the expiration of sixty days from the time such building, structure, or railroad is completed, or the work thereon otherwise terminated, * * *."

The question presented is solely one of law. It is: Did the conveyance of the house and lot "otherwise terminate" the work upon the building and make it necessary for Hadrup and his assignees to file their lien within sixty days of the date of sale?

No Virginia case has been cited to us nor have we found one that decides the specific question. The trial court relied upon and cited *Bolton* v. *Johns*, 5 Pa. St. Rep. 145, 47 Am. Dec. 404, (1847) and note. However, in that case the statute construed was materially different from our statute.

The effect of a conveyance of the property upon the right to assert a mechanic's lien is dependent upon the character of the mechanic's lien statute in force in the particular jurisdiction.

"The determination of what effect a conveyance of the real estate has upon the right to assert a mechanic's lien depends upon the kind of statute in existence in the particular jurisdiction. Under statutes which provide that the claimant shall, upon giving or filing

notice, have a lien upon the property, a sale of it in good faith before the notice of lien is given or filed prevents the acquisition of any lien. On the other hand, under statutes which recognize the right to a lien from the date of the contract or the time of the commencement of the building or other improvement, or from the beginning of the performance of the labor or the furnishing of material for which the lien is claimed, a lien which has thus attached is not affected by a change of ownership during the progress of the work. This rule applies to property which is sold to a municipal corporation. Where there has been a change of ownership, a purchaser is chargeable with notice that a lien might attach to the property for the improvements. A purchaser before the time for filing a lien on the property has expired may be required to pay such lien although in purchasing he relies upon the representations of the vendor that the contractor's claims against the property have all been paid in full." 36 Am. Jur., Mechanic's Liens, § 217, p. 140.

In *Thorn v. Barringer*, 73 W. Va. 618, 621, 81 S. E. 846, in construing and applying mechanic's lien statutes somewhat similar to ours, the court said:

"Under our law Thorn's lien attached to the property, for all materials furnished by him under the contract and used in the building, as of the time that his furnishing the materials and the use of them began. *Cushwa v. Improvement etc., Association*, 45 W. Va. 490. * * *

"One purchasing premises on which buildings are in process of erection must take notice of any mechanic's lien right that has attached prior to his purchase. He must inquire what contracts are in course of execution on a property he is about to buy. He must further inquire what has been done and may be done under any such contracts that he finds. 'A party purchasing premises on which buildings are in the process of erection, having knowledge of the same, is bound to make inquiry as to the rights of parties furnishing materials or performing work thereon, and is charged with constructive, if not actual notice of their lien.' Phillips on Mechanics' Liens, sec. 227. 'The fact that the work is in progress, is a notice to all of the rights of the mechanic, and all conveyances made during that time are made subject to the mechanic's rights.' Rockel on Mechanics' Liens, sec. 150. * * *"

Of like import is Boisot, *Mechanics' Liens* (1897), §§ 312-316.

It should be observed that Code § 43-4 provides that the general

contractor, to perfect his lien, shall file his memorandum "at any time after the work is done and materials furnished by him and before the expiration of sixty days from the time such building * * * is completed, or the work thereon otherwise terminated." Burks, *Pleading and Practice*, 4th ed. § 459, p. 891. This language, when fairly construed, means that an inchoate lien attaches when the work is done and materials furnished which may be perfected within the specified time. *Wallace* v. *Brumback*, 177 Va. 36, 41, 12 S. E. 2d 801. There is nothing in the statute to indicate that the work on the building is "otherwise terminated" by a mere sale. Such a construction would impose an undue hardship upon the contractor and is not in keeping with the language or spirit of the statute.

The mechanic's lien asserted by appellants is declared to be valid. That portion of the decree of October 24, 1958, which held it to be invalid is reversed and the cause remanded for the entry of a decree not in conflict with the views herein expressed.

*Reversed and remanded.*