## Richmond

GORDON W. SHELTON v. WALTER M. OGUS, ET AL.

November 30, 1959.

Record No. 5005.

Present, All the Justices.

The opinion states the case.

*Harry B. F. Franklin* (*Franklin & Rawlings,* on brief), for the appellant.

*Julien J. Mason,* for the appellees.

MILLER, J., delivered the opinion of the court.

In this litigation[1] Gordon W. Shelton, hereinafter called appellant, seeks to enforce mechanic's liens taken out by him upon six different houses and lots of land owned by appellees, Walter M. and Valerie E. Ogus. From a decree of October 24, 1958, which held Shelton's liens to be invalid, he obtained an appeal.

On October 7, 1957, appellant filed in the appropriate clerk's office

---

[1] This is a companion appeal with that of *A. Hadrup, et al.* v. *Thomas Battaile Sale, Jr., et al.,* Record No. 5006, this day decided. 201 Va. 421, 111 S.E.2d 405.

memoranda of mechanic's liens on a number of houses built in Normandy Village, a residential subdivision in Fredericksburg, Virginia. Six of the liens were asserted respectively against lots 80, 82, 84, 85, 86, and 88, and in each instrument a lien in the sum of $160 was claimed for electrical work. The oral contract under which the electrical wiring work on the houses was done was entered into by Shelton with the corporate owner, Normandy Village, Incorporated, but when the liens were filed, the six houses and lots had been conveyed to appellants and they were named as the owners in the several liens. Many other mechanic's liens were filed by other claimants, not only against these six houses and lots standing in the names of appellees, but also against many other lots and buildings standing in the name of the original corporate owner, and others. Seven separate suits for various amounts were filed by the lien claimants. In one of the suits to establish and enforce their liens filed on October 17, 1957, by A. Hadrup, et al., liens were asserted against lots 80 and 88, and in this suit appellees were named as two of the defendants. It was alleged that they had acquired lots 80 and 88 from Normandy Village, Inc., by deed of April 18, 1957, which had been duly recorded.

On December 6, 1957, Gordon W. Shelton filed his petition in this suit pursuant to the provisions of § 43-17, 1958 Supp., Code 1950, and § 43-22, Code 1950, and alleged that appellees were the owners of lots 80, 82, 84, 85, 86, and 88. In the petition he asserted his several liens against the six properties; the amount of each lien, and the lot against which asserted, were shown on an attached itemized account. This account, sworn to on November 4, 1957, discloses that each of the six houses and lots was charged with a separate item of $160 as "Due per contract for wiring."

By decree of January 10, 1958, the seven suits were consolidated and referred to a special commissioner to take evidence and report upon the several inquiries set out in the decree.

The commissioner reported, among other things, that after doing the electrical wiring in the houses, Shelton had filed his several mechanic's liens against the six properties and that the liens were filed within sixty days from the time the buildings were completed or the work thereon otherwise terminated. He found that certain credits had been made on five of the six items of $160 and that there were valid liens of $135 each upon four specified houses and lots; $110 upon one house and lot; and $160 upon one house and lot, each item bearing interest from October 1, 1957; a total of $810, with interest.

Exceptions were filed by appellees to the report which challenged the validity of the liens. These exceptions were sustained by the court, and appellants' liens decreed to be invalid because not filed in time. It is from that decree that Shelton appealed. However, appellees, Walter M. Ogus and Valerie E. Ogus challenge the jurisdiction of this court to entertain the appeal under § 8-464, Code 1950.

The pertinent part of that section follows:

"No petition shall be presented for an appeal from, or writ of error or supersedes to, any judgment of a circuit or corporation court, which is rendered on an appeal from a judgment of a trial justice, except in cases in which the controversy is for a matter of three hundred dollars or more in value or amount, and except in cases in which it is otherwise expressly provided; nor to a judgment, decree, or order of any court when the controversy is for a matter less in value or amount than three hundred dollars, exclusive of costs, * * *."

It is conceded that there is no personal liability against appellees for the $810 or any part thereof. It is insisted by appellees that insofar as they are concerned, this is a proceeding *in rem* to enforce six separate mechanic's liens against six separate parcels of real estate, and that the six items of $160 each cannot be consolidated for the purpose of meeting the jurisdictional amount of $300 required by the statute.

It is not denied that Shelton's contract for the installation of electric wiring in the six houses and in many others was for the sum of $160 per house; that his contract was entered into with Normandy Village, Inc., when that corporation was the owner of the several lots of land; that he had no contractual relations with appellees, and they did not assume the indebtedness of Normandy Village, Inc., when the six houses and lots were conveyed to them on April 18, 1957.

In *Weaver* v. *Harland Corp.*, 176 Va. 224, 228, 10 S. E. 2d 547, we said:

"The theory of the law is that credit is given to the identical building for which the materials are furnished or upon which the work is done. Each building represents a distinct and separate security. One building can not be made to stand as the security for another. In truth, each building stands as a several debtor, and one can no more be made to discharge the debt of another building than one individual debtor can be made to pay a separate claim owing by somebody else to the same creditor. It is upon this principle that those cases may be sustained, which hold that a joint claim can not be supported by proof of a separate right."

Each of appellants' liens and claims for $160 (reduced by certain credits) is separate and distinct, asserted against separate parcels of real estate, and the ultimate validity of each lien is dependent upon when the specific building upon which the work was done was completed or the work thereon otherwise terminated. Each house and lot, and none other, stands as a separate debtor—an *in rem* defendant—against which liability for the electrical wiring done on that particular building could be enforced.

In *Lewis* v. *Long*, 3 Munf. (17 Va.) 136, Judge Roane said: "What is the matter in controversy in the case before us? That which is the essence and substance of the judgment, and by which the party may discharge himself; that is, 46 dollars and 59 cents with interest; and which is below the value required to give jurisdiction * * *." At page 154.

The foregoing statement of Judge Roane is approved in *Umbarger and wife* v. *Watts, et als.*, 66 Va. 167. Other authorities of like import are *Harman* v. *City of Lynchburg*, 74 Va. 37, and 1 M. J., Appeal and Error, § 92, p. 547.

Here Shelton's suit is not brought, nor could it be maintained for a personal judgment against appellees for any of the items of $160 or for their aggregate. It is to enforce six pecuniary claims, liens and demands of $160 each, asserted against six distinct parcels of land, and each parcel is claimed to be liable for one item of $160 and none other. Nor can the six claims be combined, established and reduced to one judgment of $810 against any one house and lot or against the six houses and lots. Each claim and lien, if established, must be made effectual as a separate judgment and none of the six judgments sought, if obtained, could be for more than $160. Though establishment of the several liens and award of the several judgments sought might be accomplished and made effectual in the same decree, yet each judgment *in rem* would necessarily be against the specific parcel of land upon which the lien existed, and each judgment and parcel of land could be separately discharged by the payment of the particular judgment of $160 obtained against it. A lien in the sum of $160 judicially decreed is in each instance the essence and substance of the judgment sought, and the controversy is and can only be for that sum, and not $810, the aggregate, less credits, of the six separate liens.

The motion to dismiss the appeal as improvidently awarded must be sustained,

*Dismissed.*