## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Trus Joist Corp.

v.

Sir Galahad Corp. et al.

February 24, 1982

Case No. C81-1144

By JUDGE BERNARD G. BARROW

This matter was heard on February 12, 1982, on the defendant's Demurrer to the plaintiff's Amended Bill of Complaint. I have reviewed the authorities referred to at that time and have concluded that the Demurrer should be overruled. My explanation follows.

### *Multifarious*

The defendant contends that the Bill of Complaint is multifarious since it seeks to assert claims against the defendant arising under two separate contracts for providing materials to the defendant for two separate construction projects. There are different types of situations which may be described as multifarious. This one is the joinder of two independent claims by the same plaintiff against the same defendant. (Sir Galahad Corp. is the only defendant against whom the claims are asserted; the other defendants are trustees and noteholders of deeds of trust on the property against which the plaintiff seeks to enforce its mechanic's lien.)

In this type of claim, if the equities can conveniently be administered in a single suit, the court may, in its

discretion, overrule an objection to multifariousness and permit the Bill of Complaint to stand. Lile's Equity Pleading and Practice, 3d ed., § 316, pp. 183-84. Also, see *Spooner v. Hilbish*, 92 Va. 333, 338-39 (1895). I am of the opinion that the equities of all parties can conveniently be administered in a single suit; therefore, the objection to multifariousness should be overruled.

### Failure to Apportion

The defendant also objects because the plaintiff has failed to apportion its claims among the various lots against which its liens are asserted. The plaintiff asserts its liens arising from each contract only against those lots within the project included in each contract, but it does not attempt to apportion the lien of each contract among the various lots within each project.

Joint or blanket liens under the mechanic's lien statutes are lawful in Virginia, and the Supreme Court has provided guidance in its decisions on a mechanic's or materialman's duty to allocate. *PIC Const. Co., Inc. v. First Union Nat'l Bank, et al.*, 218 Va. 915, 920 (1978). Although there are no factual situations in which a joint mechanic's lien is void, see *United Masonry, Inc. v. Jefferson Mews, Inc.*, 218 Va. 360 (1977), and *Shelton v. Ogus, et al.*, 201 Va. 417 (1959), a joint lien on more than one parcel is valid when it arises out of work provided under a single contract for a single price benefitting all of the parcels involved. *Sergeant, et ux. v. Denby, et al.*, 87 Va. 206 (1890). That is the plaintiff's allegation in this case; therefore, the objection should not lie.

### Lack of Itemized Statement

The defendant also contends that the plaintiff's Bill of Complaint lacks the itemized statement required by § 43-22 of the Virginia Code. However, I am of the opinion that the Bill of Complaint when read with each of the documents attached to it sufficiently described each of the requirements imposed by § 43-22. If there is additional information needed, the processes of discovery will permit the defendant to obtain such information.

### *Failure to Allege Compliance*
### *with Sections 43-4 and 44-7*

Finally, the defendant also complains that the Bill of Complaint does not sufficiently allege that the plaintiff has complied with the requirements of §§ 43-4 and 44-7 in establishing its mechanic's lien. It is true that all of the elements necessary to establish a mechanic's lien under the statutory provisions have not been specifically alleged in the Bill of Complaint; however, I am of the opinion that it is not necessary that every single element be alleged in sufficient particularity to judge the validity or invalidity of the asserted lien. The validity of the liens will have to be proven by the plaintiff and may, of course, be disputed by the defendants; however, it is not necessary that the Bill of Complaint allege all elements effecting the validity of the liens.

Therefore, I have concluded that the Demurrer should be overruled.