## CIRCUIT COURT OF FAIRFAX COUNTY

Richard Talbott, Inc.

    v.

Thomas Swango

February 8, 1988

Case No. (Chancery) 100547

### By JUDGE THOMAS J. MIDDLETON

The above-styled matter came before the Court for trial on January 20, 1988. At the conclusion of trial, the Court reserved judgment on the specific issue: Is an inchoate mechanic's lien, which is perfected subsequent to a foreclosure sale, extinguished as to the purchaser at that sale?

The Court finds the following facts to be applicable to its determination: Richard Talbott, Inc., contracted with Michael Reidmiller to furnish and install certain materials for the construction of a residence on property owned by Mr. Reidmiller. The Defendant/Cross-Complainant, Thomas Swango, acquired the property at a foreclosure sale on May 23, 1986, and recorded the deed on June 2, 1986. The Defendant had no notice of an inchoate mechanic's lien at the time of purchase. A mechanic's lien was filed by the Complainant/Cross-Defendant Richard Talbott, Inc., on August 14, 1986. The Complainant had no knowledge that the property was sold at a judicial sale.

Both parties are in agreement that the lien was filed according to the statutory requirements of Title 43 of the Code of Virginia. The dispute arises because the lien was unrecorded at the time of the foreclosure sale. An inchoate mechanic's lien attaches to property when work is done and materials are furnished and may later be perfected pursuant to Code § 43-1, *et seq. Hadrup v. Sale,*

201 Va. 421 (1959). Richard Talbott, Inc., had an inchoate lien which was subsequently perfected within the specified time and was thus proper in all respects against the property purchased by Mr. Swango.

On February 2, 1987, Richard Talbott, Inc., filed a Bill to Enforce the mechanic's lien. Mr. Swango contends that the foreclosure extinguishes the inchoate mechanic's lien because of his status as a bona fide purchaser. The Court disagrees.

In foreclosure sales the rule of caveat emptor is in full force. *Feldman v. Rucker*, 201 Va. 11 (1959). A purchaser thus takes the property by Special Warranty Deed at his "peril" because the Trustees cannot sell more than the grantor owns. *Wright v. Davis*, 145 Va. 370 (1926). In the present case, the Trustees sold the land subject to the valid inchoate lien.

Although it may be difficult to discover inchoate liens on property offered for sale, the purchaser is charged with notice that a lien might have attached to the property for improvements and must inquire as to the rights of all parties who may be involved. *Hadrup* at 424. The Defendant could have easily observed the ongoing construction upon inspection and made the necessary inquiries or required the Trustee to provide some assurance that there were no unrecorded liens. It is not the province of this Court to carve out judicial exceptions to the favorable statutory treatment of mechanics when the Supreme Court has affirmatively refused to do so.

The Defendant relies on *Logan v. Pannill*, 90 Va. 11 (1893), in which land was sold free of a judgment lien when the creditor had obtained the judgment in a neighboring jurisdiction prior to the sale but recorded it in the jurisdiction where the property was located only after the sale. However, in *Logan*, the judgment lien was perfected before the sale only in the county where the lien was obtained. The plaintiff was careless in not docketing this choate lien in the county where the land was situated so as to properly give notice. In the present case, the mechanic's lien was properly filed in the exact manner as set out by statute thus protecting the mechanic's interests. In addition, a mechanic's lien represents a claim on the property itself, whereas a judgment lien is a claim against the individual. *Nicholas v. Harrisonburg Building*

*& Supply Co., Inc.*, 181 Va. 207 (1943). As a claim strictly on the property, the lien remains on that property until paid or discharged.

It would be inequitable to render judgment against a mechanic for diligently following the laws of the Commonwealth particularly when a purchaser had an opportunity to discover the true state of affairs. It is also inequitable to deprive the mechanic of the value of the benefit bestowed on the property. The very intention of a mechanic's lien is to give those who have enhanced the value of property the security of a lien to the extent they have added value. *United Masonry, Inc. v. Jefferson Mews, Inc.*, 218 Va. 260 (1977).

Since both the law and equities squarely rest with the Complainant, the mechanic's lien against the property now owned by Mr. Swango may be enforced.