## CIRCUIT COURT OF FAIRFAX COUNTY

Able Equipment Co., Inc.

v.

Walter A. Ellis Construction
Corp. et al.

October 20, 1989

Case No. (Chancery) 112320

By Judge J. Howe Brown

Homeowners whose homes were subjected to a lien for rental of construction equipment demurred to the Bill to Enforce Mechanic's Lien (Bill). The Homeowners state that rental equipment may not be the subject of a mechanic's lien and that the lien in this case was not timely filed. Other defendants demurred for the same reasons, and this letter is meant to address those whose Demurrers rest on the same grounds. The facts are taken from the Bill to Enforce.

Able Equipment Company, Inc. (Able) is engaged in the business of rental of construction equipment and related services. Able rented construction equipment to Walter A. Ellis Construction Corporation (Ellis). Ellis was the general contractor for the construction of a townhouse project, Lots 1 through 28, Cozzo's Addition to Greenridge (the Project). The rental equipment and related services were furnished by Able to Ellis for the construction of improvements in the Project. From the invoices attached to the Bill, it appears that the equipment was scaffolding, a jack, and a cement mixer. At least some of the equipment was damaged in the construction beyond repair. The only "related services" appearing on the invoices is labor to clean and repair the cement mixer.

Mechanics' liens are a creature of statute. Virginia Code Section 43–3 (1966 Repl. Vol.) gives lien rights to "[a]ll persons performing labor or furnishing materials . . . for the construction of any building . . . ." Our analysis should begin with a definition of the word "mate-

rial." Materials is defined in Black's Law Dictionary (Revised 4th Ed., 1968), page 1128, as: "The substance or matter of which anything is made . . . . Matter furnished for the erection of a house, ship, or other structure which enters into and becomes a part thereof." Later editions of this authoritative work have dropped this definition. However, a majority of courts that have considered mechanics' liens for suppliers of materials have ruled that to support a lien, the materials supplied must have been incorporated into the structure. See: Annotation, Mechanic's Lien-Machinery and Tools, 3 A.L.R. 3d 574 (1965). A Judge of this Court has ruled that a supplier may not file a lien for equipment leased for use in construction where the equipment was not incorporated in the improvements. *McLean Rentals, Inc. v. Andrew M. Shields Corp.*, Fairfax Circuit Court, In Chancery No. 68088. The legislature has specifically recognized a lien for "the reasonable rental or use value of equipment . . ." for the improvement of the ground on which a building sits. Virginia Code Section 43–2 (1986 Repl. Vol.). No such recognition appears in the statute for liens for materials furnished for the building. See Virginia Code Section 43–3 (1986 Repl. Vol.). Able is not entitled to a lien for rental of equipment in this case. The Demurrer is sustained.

The second ground of Demurrer raises the question whether the lien was timely filed. The Bill alleges that the lien was filed within ninety days after the last rental equipment was furnished and within ninety days from the time the structure was completed or work thereon otherwise terminated. The Bill shows that some of the homes in the Project had been transferred to individual homeowners before the lien was filed. The Demurrer states that the Bill fails to allege that the lien was filed within ninety days from the time labor or materials were furnished or work terminated for each individual lot. The lien here is a so-called "blanket lien," filed against the whole project. Blanket liens have been allowed for one hundred years. *See Sergeant v. Denby*, 87 Va. 206 (1890). The allegations of the Bill are sufficient to state a claim for a blanket lien under a unitary contract. Sale of individual lots under these circumstances is not an event which triggers the start of the ninety-day limit. *Hadrup v. Sale*, 201 Va. 421 (1959). The allegations in the Bill are sufficient to allege that the lien was timely filed.