## CIRCUIT COURT OF FAIRFAX COUNTY

J. A. Jensen & Assocs.

v.

Frank W. Souder

October 28, 1991

Case No. (Chancery) 114102

## By JUDGE THOMAS J. MIDDLETON

This case came to be heard on respondent's Motion to Dismiss complainant's Bill of Complaint to Enforce Mechanic's Lien. As a preliminary matter, Virginia practice does not provide for a Motion to Dismiss. As the motion is, in essence, a motion for summary judgment, it shall be treated as such under Rule 2:21 of the Rules of the Supreme Court of Virginia. Upon consideration of the pleadings and applicable case law, the court denies the Motion.

### Facts

On or about January 14, 1989, complainant, J. A. Jensen and Associates ("Contractor"), entered into a written contract with respondent, Frank W. Souder ("Owner") for the purpose of constructing a private residence.

Article Seventeen of the Contract provides in pertinent part:

### Changes in the Work

17.1, Owner, without invalidating the Contract, may order changes in the Work consisting of additions, deletions, or modifications, with the Contract Sum and the Contract Time being

adjusted accordingly. All such changes shall be authorized by written Change Order dated and signed by Owner and Contractor.

Mr. Souder did authorize in writing approximately $26,389.50 in change orders. Mr. Souder did not, however, sign certain other change orders.

On or about August 24, 1989, prior to completion of the contract and after notice to the Owner, the Contractor ceased working on the project because of unresolvable disputes with the Owner.

On September 8, 1989, Contractor timely filed a memorandum of mechanic's lien against the property in the amount of $12,499.00 for unpaid materials and labor costs. Thereafter, on October 26, 1989, the contractor filed a second memorandum on the same property in the amount of $18,192.65. The approximate $5,693.00 difference was attributable to work done by Modular Concepts of Virginia ("Modular") which the Contractor did not include in its first memorandum. In the meantime, Modular had filed its own memorandum of mechanic's lien for $5,693.00. Modular's lien was subsequently dismissed for failure to name the proper owner and for failure to file a verified itemized statement of account. At issue is whether Modular was a subcontractor who contracted directly with the Contractor or rather an independent contractor who contracted with the Owner. Because this issue is unresolved and because the appropriate amount of the lien turns on its resolution, the Contractor filed alternative liens to protect whatever interest he turns out to have.

The Owner/Respondent has moved to dismiss the Bill of Complaint to Enforce the Mechanic's Lien, claiming both liens are void. In support of this thesis, the Owner argues the following:

I. The liens include amounts owed for work done pursuant to unsigned change orders; and

II. Both liens fail because the filing of alternative liens is *per se* invalid.

Finally, the Owner argues that even if the court denies the Motion to Dismiss, it should rule that the second mechanic's lien is invalid.

I. *Whether or not the change orders were authorized is a question to be determined by the trier of fact after presentation of all the evidence.*

The Owner argues that he is entitled to judgment as a matter of law since he did not sign all the change orders as required by the Contract.

There is, however, a genuine dispute about whether or not the change orders were authorized. "Contracting parties may, of course, modify the terms of their contract by express mutual agreement." *Stanley's Cafeteria v. Abramson*, 226 Va. 68, 72 (1983). And a mechanic's lien may be based upon an oral as well as a written contract. *Merchants & Mechanics Savings Bank v. Dashiell*, 66 Va. (25 Gratt.) 616 (1874). If the parties orally modified the contract, the work done pursuant to the oral agreement might be subject to the lien.

"Summary judgment shall not be entered if any material fact is genuinely in dispute." R. Sup. Ct. Va. 2:21. Whether or not the parties orally modified the contract remains a material fact genuinely in dispute. Therefore, the court cannot grant summary judgment on this issue.

In addition, it is not clear that an error in the amount claimed would invalidate the entire lien. It may be that even if the Contractor is not entitled to the full amount claimed because of unauthorized change orders, he may still be entitled to a lien on the authorized work.

II. *The filing of alternative liens is not per se invalid.*

The Owner argues that both liens must fail because alternative filing is *per se* invalid. In support of this thesis, he asserts that since a mechanic's lien is solely a creature of statute, that statute must be strictly construed. Owner argues that since the statute does not specifically provide for alternative filing, such filing is prohibited.

The correct rule of construction of the mechanic's lien statute is that there must be a substantial compliance with the requirements relating to *creation* of the lien, but that the provisions with respect to its *enforcement* should be liberally construed. *H. N. Francis & Co. v. Hotel Rueger, Inc.*, 125 Va. 106, 121, 99 S.E. 690 (1919); *Mathews*

*v. Meyers*, 151 Va. 426, 430, 145 S.E. 352 (1928). Owner does not argue that either lien by itself was improperly created. He contends only that since both were filed, neither can be enforced. Since this is a question of enforcement rather than creation of the lien, the statute should be liberally construed to allow the filing of alternative liens.

This construction of the statute is not, in fact, very liberal. Va. Code Ann. § 43-4 provides in pertinent part:

> The lien claimant may file *any number* of such memoranda, but no memorandum filed pursuant to this chapter shall include sums due for labor or materials furnished more than 150 days prior to the last day on which labor was performed or material furnished to the job preceding the filing of such memorandum (emphasis added).

The Owner urges the court to consider that this provision allows more than one lien to be filed only "where the claims were for different work or materials although performed or furnished under the same contract." Motion to Dismiss at 6-7. Because this is exactly the situation in this case, the court need not address whether or not the owner has correctly stated the law. One lien includes work performed by Modular; the other does not. The Owner's argument therefore fails under its own reasoning.

Although Virginia has apparently not addressed the filing of alternative liens, other jurisdictions have upheld such filing under various circumstances. *See, e.g., Clark v. Miller*, 14 Pa. Co. 227 (allowing alternative liens where there was uncertainty about the identity of the person for whom the material was furnished); *West v. Jarvi*, 266 P.2d 1040 (Wash. 1954) (allowing alternative liens so long as both are filed within the statutory period); *Sikkema v. Packard*, 192 A.2d 334 (N.J. 1963) (allowing alternative liens where first has been abandoned).

Since provisions on enforcement are to be liberally construed, and since Va. Code § 43-4 provides for any number of memoranda, the court holds that the filing of alternative liens is not *per se* invalid.

III. *Only one of the liens can ultimately be valid.*

Those jurisdictions which have allowed alternative filings are in agreement that only one lien can ultimately be valid. "Although a claimant may file two or more liens to cover the exigencies of the case, he may recover only once." 57 C.J.S. *Mechanic's Liens* § 133. *See, e.g., Sikkema v. Packard,* 192 A.2d 334 (N.J. 1963), and *Graybar Elec. Co. v. Providence Journal Co.,* 166 A.2d 885 (E.I. 1961).

The Owner is correct, and the Contractor does not dispute, that if the court denies the Motion to Dismiss, only one of the liens can ultimately be valid. Interestingly, the Owner argues that if the Motion is denied, it is the second lien which must be invalidated. Yet in the cases he cites, the courts invalidated the first and not the second lien. *See, e.g., Sikkema v. Packard,* 192 A.2d 334 (N.J. 1963), and *Graybar Elec. Co. v. Providence Journal Co.,* 166 A.2d 885 (R.I. 1961).

In support of his thesis that the second lien is invalid, the Owner argues that the mechanic's lien statute does not allow amendment. But the Contractor did not file the second lien as an amendment to the first. Rather, the Contractor has filed two alternative liens with the understanding that only one will ultimately be held to be valid. This court need not, therefore, consider whether amendment is allowed.

Which lien is valid depends upon the factual finding of whether Modular contracted with the Owner or with the Contractor. This material fact is genuinely in dispute. If Modular contracted with the Owner, the first lien is valid. If Modular contracted with the Contractor, the second lien is valid. The Contractor has stated that if the parties can stipulate that Modular contracted with the Owner, he will release the inconsistent alternative lien. *See* Memorandum of Points and Authorities in Opposition to Respondents' Motion to Dismiss Complainant's Bill of Complaint to Enforce Mechanic's Lien at 6. Until such stipulation or until the court makes such a factual finding, no determination can be made as to which lien is valid.

For all the foregoing reasons, the court holds that (1) that the filing of alternative mechanic's liens is not *per se* invalid, and (2) that only one lien can ultimate-

ly be valid. The court declines to decide which lien is valid until it has sufficient evidence to make such a determination.

Respondent's Motion to Dismiss is denied.