## CIRCUIT COURT OF LOUDOUN COUNTY

Dean Steel
Erection Co., Inc.

v.

Chelsea GCA
Realty Partnership, L.P., et al.

October 12, 1999

Case No. (Chancery) 18686

BY JUDGE THOMAS D. HORNE

Complainant (Dean Steel Erection Co., Inc.) has filed a three-count Amended Bill of Complaint seeking recovery against the defendants for labor furnished in connection with the construction of an outlet mall. Defendants are the owner of the mall (Chelsea GCA Realty Partnership, L.P.), the general contractor (Nabholz Construction Corporation), and a subcontractor (Tulsa Steel Manufacturing Co., Inc.).

Dean Steel states that it entered into a contract with Tulsa Steel to furnish steel erection services for the construction of certain buildings in the shopping center known as "Leesburg Corner Premium Outlets." The contract has been incorporated into the Amended Bill of Complaint. It is the contention of the complainant that it has not been paid by Tulsa, Nabholz, or Chelsea for the work performed and that it is owed the sum of $234,872.95.

It is the argument of the complainant that it is entitled to the enforcement of its mechanic's lien against the property of Chelsea (Count I), damages as a result of Tulsa Steel's breach of contract (Count II), or recovery for the reasonable value of its services (Count III).

Chelsea and Nabholz have filed demurrers to each of the counts of the Amended Bill of Complaint. In reviewing the demurrers, the Court is mindful of its responsibility to view the allegations of the bill in a light most favorable

to Dean Steel Erection Company, Inc., and to accept the facts as pleaded as well as the reasonable inferences arising from such facts.

Defendants contend that the rental charges for equipment used in the construction of the building have not been properly included within the lien claim. In support of their position, they cite the provisions of § 43-2, Code of Virginia, which provides, in pertinent part, that:

> the reasonable rental value or use value of equipment ... for the improvement of the grounds upon which such building or structure is situated shall be deemed to be *materials furnished* for the improvement of such building or structure and permanently annexed to the freehold.

(Emphasis added.)

Thus, the defendants argue, equipment rental charges incurred in connection with work performed or materials furnished for the construction, removal, repair, or improvement of *a building* may not form the basis of a mechanic's lien. § 43-3, Code of Virginia. They suggest that to decide otherwise would violate the rule of statutory construction, *espressio unius est exclusio alterius*; that is, "when a statute mentions specific items, an implication arises that items not present were not intended to be included within the scope of the statute." *Wise County Board of Supervisors v. Wilson*, 250 Va. 482, 485 (1995).

However, the complainant in the instant case seeks to enforce its lien for work performed in connection with the construction of the building. This is not a claim by a materials supplier for the rental of equipment used by Dean Steel. *Cf. Able Equipment Co. v. Walter A. Ellis Const. Corp.*, 27 Va. Cir. 498 (1989). Where rental charges are incurred in connection with work performed, the contractor performing such work may subject the building to enforcement of his lien, including any incidental charges for rental equipment used in performing the work. *See* Annotation, 3 A.L.R.3d 573. Similarly, travel time incidental to the work performed, where agreed upon by the parties, may properly be included in the lien claim.

The defendants are free to challenge the merits of such claims for rental charges and travel expenses. This would include the issue of whether or not such expenses are provided for in the contract that forms the basis of the lien claim.

Complainant has sufficiently pleaded compliance with the terms of the contract as to the claim to enforce the mechanic's lien. Whether or not the change orders needed to be signed is an issue that is not ripe at this time for

adjudication on the merits. As complainant has observed, the parties were free to modify the terms of the contract, including any requirement that the change orders be signed by Tulsa Steel. *J. A. Jensen & Assocs. v. Souder*, 25 Va. Cir. 382 (1991).

Accordingly, the Court finds that complainant has adequately set forth a claim for enforcement of its mechanic's lien against the subject property and that the demurrer should be overruled as to Count I.

In light of the Court's ruling, the defendants' suggestion that the complainant has overliened the property must fail.

To the extent that Count II alleges a claim for damages against either Chelsea or Nabholz, the demurrer as to those defendants will be sustained. Count II relates to a breach of contract. As alleged, Dean Steel's express contract was with Tulsa Steel Manufacturing Company, Inc.

Count III states a claim against the defendants for recovery in quantum meruit. The pleadings adequately state the elements necessary to recover. Complainant may plead alternative theories of recovery. It would be premature for this Court to determine that complainant is barred from pursuing such a claim at this stage of the proceedings.